**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)      *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

### UNITED STATES DISTRICT COURT
### IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL ALKINS** : | |
| **1397 Stockton Road** : | |
| **Greenbackville, VA 23356** : | **Civil Action No.** |
| Plaintiff, : | |
| : | **Complaint and Jury Demand** |
| v. : | |
| : | |
| **THE BOEING COMPANY** : | |
| **1 S Stewart Avenue** : | |
| **Ridley Park, PA 19078** : | |
| : | |
| **100 North Riverside Plaza** : | |
| **Chicago, IL 60606** : | |
| Defendant. : | |
| : | |

### COMPLAINT

Plaintiff Paul Alkins, through his counsel, Koller Law, by way of Complaint against Defendant The Boeing Company, hereby says:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff is Paul Alkins (hereinafter "Plaintiff"), an adult individual who is domiciled in the state of Virginia at 1397 Stockton Road, Greenbackville, VA 23356.

2. Defendant The Boeing Company is a aircraft manufacturer and defense contractor with a location at 1 S Stewart Avenue, Ridley Park, PA 19078 and with a corporate headquarters located at 100 North Riverside Plaza, Chicago, IL 60606.

3. The Boeing Company is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

## JURISDICTION AND VENUE

4. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. In 2007, Defendant hired Plaintiff as a Helicopter Mechanic.

9. Plaintiff was well qualified for his position and performed well.

10. In 2016, Plaintiff suffered from addictions to alcohol and amphetamines as he went through a bitter divorce and at the same time was caring for his terminally ill father. In addition, Plaintiff's sister was suffering from a heroin addiction.

11. Plaintiff had also been previously diagnosed with Generalized Anxiety Disorder, Major Depressive Disorder and Bipolar Disorder.

12. In October 2016, Plaintiff admitted himself to Livengrin Foundation – Addiction Treatment Centers and Detox Center for twenty-one (21) days of treatment.

13. Sometime in November 2016, the exact date of which is not known, Plaintiff was released from Livengrin Foundation following his twenty-one (21) days of treatment.

14. However, following his 21 days of treatment, Plaintiff began to suffer from Post Acute Withdrawal Syndrome ("PAWS").

15. The symptoms that Plaintiff suffered from due to PAWS, included, but were not limited to, mood swings, anxiety, irritability, tiredness, low enthusiasm, disturbed sleep and difficulty concentrating.

16. On November 15, 2016, Plaintiff began treating at a facility called Rehab After Work through its Intensive Outpatient Program ("IOP").

17. Upon completion of Rehab After Work's IOP, Plaintiff attended Rehab After Work's Outpatient Program with Jane Brown.

18. On November 18, 2016, Plaintiff returned to work at Defendant.

19. On January 5, 2017, Plaintiff was edging a helicopter when a coworker turned a fan on which caused a piece of metal to get underneath Plaintiff's safety glasses and lodged in Plaintiff's eye.

20. Plaintiff immediately notified Jeff Bublavi, Manager I, of his injury and left Defendant to receive treatment at Taylor Hospital.

21. However, Taylor Hospital did not have an ocular surgeon available to treat Plaintiff's work-place injury.

22. Several hours later, Plaintiff reported to Riddle Hospital. The the piece of metal was removed from his eye.

23. Plaintiff was out of work for several days recovering from the incident. He then returned to work.

24. Around this time, a Worker's Compensation Claim was filed for Plaintiff's work-related eye injury.

25. On or around February 5, 2017, Plaintiff's sister passed away due to a heroin overdose.

26. On February 6, 2017, Plaintiff reported to work and during this shift he laid out the wrong configuration for a helicopter's cockpit as he had the incorrect measurements.

27. On February 7, 2017, Plaintiff reported his error to Mike LNU, Manager I, and also cordially spoke to Mike about how he was feeling: the symptoms that he was suffering due to his disabilities and the passing of his sister.

28. Mike instructed Plaintiff to see Richard Buxton, Defendant's on-site Counselor.

29. Plaintiff followed Mike's instructions and met with Mr. Buxton. At that time, he was deemed "unfit for duty" by Mr. Buxton and placed on a medical leave of absence for fifteen (15) days.

30. Plaintiff had received Family Medical Leave Act ("FMLA") paperwork and attempted to find a medical care provider to fill out the required Health Care Provider Certificate.

31. He inquired of eight (8) different doctors to see him and complete the forms.

32. The first eight (8) medical health care providers who Plaintiff attempted to seek treatment from did not accept his insurance.

33. On or around February 21, 2017, Plaintiff called Defendant's Attendance Service and requested an additional 15 days to submit his FMLA leave paperwork due to Plaintiff's difficulty finding a medical health care provider that accepted his insurance.

34. On February 27, 2017, Plaintiff received an unsigned termination memo. The stated reason for the termination was for not notifying his manager of his absences prior to his shift from February 20 – 23, 2017.

4

35. On March 7, 2017, Plaintiff began treating with Erin O'Brien, Mental Health Therapist.

36. On March 20, 2017, Ms. O'Brien signed the Health Care Provider Certification for Plaintiff's FMLA paperwork.

37. Ms. O'Brien noted that Plaintiff may be able to return to work on April 1, 2017.

## COUNT I – FMLA VIOLATION - INTERFERENCE

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff gave Defendant proper notice of his own qualifying serious health condition under the FMLA.

40. Plaintiff was entitled to benefits under the FMLA.

41. Plaintiff attempted to exercise his FMLA rights.

42. Defendant illegitimately prevented Plaintiff from obtaining those benefits.

43. Defendant's conduct was willful.

44. As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff, Paul Alkins, requests that the Court grant him the relief against Defendant, The Boeing Company, set forth in the Prayer for Relief clause, *infra*.

## COUNT II – FMLA VIOLATION – RETALIATION

45. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

46. Plaintiff gave Defendant proper notice of his own qualifying serious health condition under the FMLA.

47. Plaintiff was entitled to benefits under the FMLA.

48. Plaintiff attempted to exercise his FMLA rights.

49. Defendant terminated Plaintiff and that termination was related to Plaintiff's attempt to exercise his FMLA rights.

50. By terminated Plaintiff, Defendant retaliated against Plaintiff for attempting to exercise his FMLA rights.

51. Defendant's conduct was willful.

52. As a result of Defendant's conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, Paul Alkins, requests that the Court grant her the relief against Defendant, The Boeing Company, set forth in the Prayer for Relief clause, *infra*.

## COUNT III – WRONGFUL TERMINATION

53. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully at length herein.

54. Plaintiff was an at-will employee with Defendant.

55. Defendant terminated Plaintiff in retaliation for filing a worker's compensation claim.

56. This is a violation of the at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff, Paul Alkins, requests that the Court grant him the relief against Defendant, The Boeing Company, set forth in the Prayer for Relief clause, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paul Alkins, requests that the Court grant him the following relief against Defendant, The Boeing Company:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Punitive damages;

d) Liquidated damages;

e) Emotional pain and suffering;

f) Reasonable attorneys' fees;

g) Recoverable costs;

h) Pre and post judgment interest;

i) An allowance to compensate for negative tax consequences;

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: February 22, 2019

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*