IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL ALKINS, | : |
|     *Plaintiff,* | : |
| v. | :   Civil Action No.: 2:19-cv-00763 |
| THE BOEING COMPANY, | : |
|     *Defendant.* | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Paul Alkins (hereinafter, "Plaintiff"), by and through his counsel, submits this Response to Defendant's Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Denied. Plaintiff never used drugs or alcohol while at work at Boeing. See Ex. 1 to Deft's Statement of Facts (SOF) (Pl's Dep. 103:5-9). Plaintiff testified that the closest in time to the start of his shift at Defendant that he took amphetamines was seven, eight hours beforehand.
9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied. Plaintiff denied that the leave taken for his inpatient treatment with Livengrin was FMLA leave. See Ex. 1 to Deft's SOF (Pl's Dep. 299:13-300:3). Instead, Pat Hoffman, the Union representative, handled the paperwork associated with drug and alcohol treatment. See Ex. 1 to Deft's SOF (Pl's Dep. 300:11-15).

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted. By way of further response, Plaintiff's sister was brutally murdered, and Plaintiff also was experiencing acute withdrawal syndrome. See Ex. 1 to Deft's SOF (Pl's Dep. 158:24-159:5; 307:19-20).

25. Admitted with clarification. The Reed Group was Defendant's third-party administrator for managing all aspects of Defendant's FMLA leave for Defendant's employees, including Plaintiff. Although The Reed Group may have sent letters to Plaintiff's

attention, his complete mental breakdown impacted Plaintiff's ability to read and process instructions. See Ex. 1 to Deft's SOF (Pl's Dep. 199:3-9; 199:18-21). In addition, Plaintiff had a post office box and was unable to obtain his mail regularly as a result of his complete mental breakdown. See Ex. 1 to Deft's SOF (Pl's Dep. 196:16-197:1).

26. Admitted that a letter dated January 22, 2017 was sent to Plaintiff. It is denied that Plaintiff received the letter on January 22, 2017, as Plaintiff had a post office box and was not regularly accessing his mailbox due to his extreme state of depression and mental distress. See Ex. 1 to Deft's SOF (Pl's Dep. 196:12-197:1).

27. Admitted that Plaintiff ultimately submitted the completed HCP forms on March 20, 2017. By way of further response, Plaintiff received an extension to submit the forms on February 23, 2017 and Plaintiff's requested extension was communicated to Defendant on February 23, 2017, the day of Plaintiff's termination. See Ex. C to Pl's Counterstatement of Facts (Email, February 23, 2017, REED000311). Further, Plaintiff was ultimately approved for protected FMLA leave for the time period in question. See Ex. F to Pl's Counterstatement of Facts (Letter, March 10, 2017, REED000201-REED000203).

28. Admitted.

29. Admitted with clarification. By way of further response, Plaintiff's medical records confirm that Plaintiff was experiencing a severe mental breakdown for which he began treatment on March 7, 2017. See Ex. G to Pl's Counterstatement of Facts (HCP Form). Further, Plaintiff was ultimately approved for protected FMLA leave for the time period in question. See Ex. F to Pl's Counterstatement of Facts (Letter, March 10, 2017, REED000201-REED000203).

30. Admitted that Defendant has accurately quoted the referenced letter. By way of further response, on February 23, 2017, Mr. Hoffman and a Clinical Case Manager from the Reed Group, had a conference call with Plaintiff wherein Mr. Hoffman noted that Plaintiff's depression had become bad and Plaintiff had been isolating himself. See Ex. 1 to Deft's SOF (Pl's Dep. 248:5-10).

31. Admitted in part; denied in part. It is admitted that Plaintiff did not report to work on February 20, 21, 22, 23, and it is admitted that Plaintiff did not contact the Attendance Line during these dates. It is denied that the Reed Group made multiple attempts to "contact" Plaintiff as Plaintiff was not able to access his post office box due to extreme depression and distress during the dates in question. By way of further response, on February 23, 2017, Mr. Hoffman and a Clinical Case Manager from the Reed Group, had a conference call with Plaintiff wherein Mr. Hoffman noted that Plaintiff's depression had become bad and Plaintiff had been isolating himself. See Ex. 1 to Deft's SOF (Pl's Dep. 248:5-10). As a result of this telephone call on February 23, 2017, Plaintiff received an extension of time to submit the requested forms and his request for FMLA leave for the dates in question was approved. See Ex. D to Pl's Counterstatement of Facts (Letter, February 23, 2017, REED000151-REED000153); Ex. F to Pl's Counterstatement of Facts (Letter, March 10, 2017, REED000201-REED000203).

32. Denied. Plaintiff testified that during the dates in question, February 20, 21, 22, and 23, he was in a state of extreme distress, was not leaving his bed for days at a time, was able to communicate, read, or process instructions. See Ex. 1 to Deft's SOF (Pl's Dep. 306:23-307:6). Although Plaintiff testified to making telephone calls earlier in his leave,

4

there is no testimony that Plaintiff was capable of calling anyone during the dates in question.

33. Admitted with clarification.  During the dates in question, Plaintiff required FMLA leave during this time for mental stress, anxiety, and depression.  See Ex. 1 to Deft's SOF (Pl's Dep. 306:23-307:6).  Further, Plaintiff was ultimately approved for protected FMLA leave for the time period in question.  See Ex. F to Pl's Counterstatement of Facts (Letter, March 10, 2017, REED000201-REED000203).

34. Denied.  It is denied that the deposition testimony cited by Defendant supports the allegations in this paragraph.

35. Admitted.  It is admitted only that Defendant terminated Plaintiff for not reporting to work on February 20, 21, 22, 23 and not calling the Attendance Line on the dates in question.  By way of further response, Defendant was aware that Plaintiff was on potentially qualifying FMLA leave at the time and Plaintiff was subsequently approved for protected FMLA leave for the very absences that resulted in Plaintiff's termination.  Further, Plaintiff was ultimately approved for protected FMLA leave for the time period in question.  See Ex. F to Pl's Counterstatement of Facts (Letter, March 10, 2017, REED000201-REED000203).

36. Admitted that Defendant accurately cited the referenced Employee Corrective Action Memo.

37. Admitted.

38. Denied.  It is denied that the deposition testimony cited by Defendant supports the allegations in this paragraph.  Instead, Plaintiff testified that Pat Hoffman contacted Plaintiff and instructed Plaintiff to go to his front door to receive a FedEx package.  Mr.

Hoffman was worried about Plaintiff and rushed to Plaintiff's house. See Ex. 1 to Deft's SOF (Pl's Dep. 251:21-252:11).

39. Admitted with clarification. It is unclear whether Richard Buxton, Defendant's EAP counselor, was also on the conference call. See Ex. 1 to Deft's SOF (Pl's Dep. 249:20-250:13).

40. Admitted.

41. Admitted in part; denied in part. It is admitted that Plaintiff testified that he had no personal knowledge of whether anyone at Defendant had knowledge of Plaintiff's request for an extension of FMLA leave. It is denied that Defendant lacked such knowledge. In an email dated February 23, 2017 sent to Michael Marchiano and Amantha Simpson-Ruddock, both at Defendant, from the Reed Group, Defendant was notified that Plaintiff has requested an extension of his leave of absence under FMLA. See Ex. C to Pl's Counterstatement of Facts (Email, February 23, 2017, REED000311). By way of further response, Defendant delegated its administration of its employees' FMLA leave to the Reed Group. See Deft's SOF at ¶ 25.

42. Admitted that Defendant accurately cited the referenced letter. By way of further response, Plaintiff was ultimately approved for protected FMLA leave for the time period in question.

43. Admitted.

44. Admitted with clarification. On February 23, 2017, Plaintiff received a verbal confirmation from the representative of the Reed Group that his extension request had been approved. See Ex. 1 to Deft's SOF (Pl's Dep. 252:12-253:15).

6

45. Admitted. By way of further response, on February 23, 2017, Richard Buxton, Defendant's EAP counselor, was in the process of securing a spot for Plaintiff to treat with Mirmont Behavioral Health for Intensive Treatment, and which treatment began on March 7, 2017. See Ex. 1 to Deft's SOF (Pl's Dep. 250:14-18).

46. Admitted with clarification. Defendant delegated oversight of its employees' FMLA leaves to the Reed Group, and the Reed Group determined that Plaintiff was approved for protected FMLA leave. See Deft's SOF at ¶ 25.

47. Denied. It is unlawful for Defendant to terminate an employee for absences protected by the FMLA, which is what Defendant did with respect to Plaintiff.

48. Admitted.

49. Admitted.

50. Denied. Defendant initially cancelled Plaintiff's medical benefits effective February 23, 2017. See Ex. 1 to Deft's SOF (Pl's Dep. 181:1-3). The Union, however, reinstated Plaintiff's medical benefits, and, once reinstated, remained in effect until March 31, 2017. See Ex. 1 to Deft's SOF (Pl's Dep. 181:1-12).

51. Denied. By way of further response, Plaintiff testified that he inquired about an employment position with Fizzano Brothers Concrete in April 2017, thus negating his inability to work for one year following his termination. See Ex. 1 to Deft's SOF (Pl's Dep. 75:10-77:6). Further, on the HCP Form, Erin O'Brien indicated that Plaintiff could return to work on April 1, 2017. See Ex. G to Pl's Counterstatement of Facts (HCP Form).

52. Admitted. It is admitted that Plaintiff applied for social security benefits and was denied as it was determined that he was not disabled. See Ex. 1 to Deft's SOF (Pl's Dep. 52:14-17).

53. Admitted.

54. Admitted. By way of further response, Plaintiff was ultimately approved for FMLA leave through April 9, 2017. See Ex. J to Pl's Counterstatement of Facts (Email, February 23, 2017, REED000300).

55. Admitted.

56. Admitted. Plaintiff, however, did not think he was qualified to be a tugboat operator. Plaintiff, moreover, did not want to relocate to Florida. See Ex. 1 to Deft's SOF (Pl's Dep. 94:2-9).

57. Admitted.

58. Admitted only that Plaintiff could not recall the names of any other positions to which he applied. See Ex. 1 to Deft's SOF (Pl's Dep. 102:2-11).

                                                  **RESPECTFULLY SUBMITTED,**
                                                  **KOLLER LAW, LLC**

Dated: November 4, 2019      **By:**    /s/ David M. Koller_____
                                                      David M. Koller, Esquire
                                                        Attorney ID No. 90119
                                                       2043 Locust Street, Suite 1B
                                                       Philadelphia, PA 19103
                                                       215-545-8917
                                                       *Counsel for Plaintiff*